Order Form (01/2005)



# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 663 | **DATE** | 5/8/2012 |
| **CASE TITLE** | Barbara Baldwin vs. Metropolitan Water Reclamation District of Greater Chicago | | |

**DOCKET ENTRY TEXT**

Metropolitan Water Reclamation District of Greater Chicago's motion to dismiss pro se Plaintiff Barbara Baldwin's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) [11] is granted.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Pro se Plaintiff Barbara Baldwin ("Baldwin"), a prospective job applicant, sues the Metropolitan Water Reclamation District of Greater Chicago (the "MWRD") for race, sex, and age discrimination. Before the Court is MWRD's motion to dismiss Baldwin's complaint. For the following reasons, the motion is granted.

Baldwin alleges that she applied for two positions, Senior Legal Assistant and Legal Assistant, at the MWRD. Baldwin avers that she was qualified for the positions, but was denied the opportunity to take two civil service examinations that were required to apply for the positions. She was told that she was not qualified to sit for the test because she "lacked an American Bar Association approved paralegal program." Compl. ¶ 6. Baldwin's complaint does not plainly indicate the claims she is asserting. However, Baldwin attaches a right to sue letter from the Equal Employment Opportunity Commission (EEOC) to her complaint, suggesting that she is raising Title VII and Age Discrimination in Employment Act ("ADEA") claims.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). That is, a plaintiff's complaint "must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." Indep. Trust Corp. v. Stewart Info. Servs. Corp., 665 F.3d 930, 935 (7th Cir. 2012) (internal quotation marks and citation omitted). The Court construes the complaint "in the light most favorable to the nonmoving party, accept[s] well-pleaded facts as true, and draw[s] all inferences in her favor." Kolbe & Kolbe Health & Welfare Benefit Plan v. Med. Coll. of Wis., 657 F.3d 496, 502 (7th Cir. 2011) (internal quotation marks and citation omitted). A plaintiff, however, may plead herself out of court by "pleading facts that establish an impenetrable defense to [her] claims." Tamayo v. Blagojevich, 526 F.3d 1074, 1086 (7th Cir. 2008) (citing Massey v. Merrill Lynch & Co., 464 F.3d 642, 650 (7th Cir. 2006)).

To state a claim for employment discrimination, a plaintiff "need only aver that the employer instituted a (specified) adverse employment action against the plaintiff" on the basis of her race, sex, or age.

| STATEMENT |
|---|

Id. at 1084; see Joren v. Napolitano, 633 F.3d 1144, 1146 (7th Cir. 2011). Here, Baldwin alleges that "being black, a woman, an age of 56 years old at the time with a very diverse backgroung [sic] in accounting, banking and law and qualified, that was just not good enough." Compl. ¶ 4. She further alleges that "[t]he opportunities were given to less qualified individuals under the age of 40." Id. ¶ 5. But these allegations do not suggest that Baldwin's race or gender motivated MWRD's decision to deny her the opportunity to take the Legal Assistant and Senior Legal Assistant civil service examinations or its decision not to hire her. See Joren, 633 F.3d at 1146. Likewise, Baldwin's allegations of age discrimination fail to suggest that her age played any role in these actions. See id.; see also Van Antwerp v. City of Peoria, Ill., 627 F.3d 295, 297 (7th Cir. 2010) ("To establish a violation of the ADEA, an employee must show that age actually motivated the adverse employment action." (citing Faas v. Sears, Roebuck & Co., 532 F.3d 633, 641 (7th Cir. 2008))).

 Rather Baldwin alleges a non-discriminatory reason—her lack of credentials—for her treatment. Specifically, Baldwin alleges that MWRD did not allow her to sit for the civil service examinations because she did not graduate from an American Bar Association ("ABA") approved paralegal program, a fact Baldwin does not deny. Indeed, she admits that she graduated from the Professional Career Development Institute, which is not an accredited member of the ABA. Nonetheless, Baldwin alleges that if her paralegal program had volunteered to become a member of the ABA, she would have been allowed to take the civil service examinations. Even accepting this as true and drawing all reasonable inferences in Baldwin's favor, her allegations of discrimination amount to pure conjecture and speculation. She alleges no facts that plausibly suggest that MWRD's prerequisite (that a prospective applicant complete a course of study at an ABA approved paralegal program before sitting for the Legal Assistant and Senior Legal Assistant civil service examinations) was motivated by race, sex, and or age discrimination. Nor does she allege facts that plausibly suggest the prerequisite was a pretext for such discrimination. MWRD's motion to dismiss is therefore granted.

 IT IS SO ORDERED.

